DIANNE POLK, COMPLAINANT-RESPONDENT, v. CHERRY HILL APARTMENTS, INC., A NEW JERSEY CORPORATION; JOSEPH RATNER; MARIAN RATNER; SIDNEY ROTHSTEIN AND MARY BRUNO, RESPONDENTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued October 26, 1971—Decided January 21, 1972.

Before Judges CONFORD, MATTHEWS and FRITZ.

*Mr. Richard J. Donohue* argued the cause for appellants (*Messrs. Gross, Demetrakis & Donohue,* attorneys).

*Mr. Harvey S. Grossman,* Deputy Attorney General, argued the cause for respondent (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Mr. David H. Ben-Asher,* Deputy Attorney General, on the brief; *Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney).

PER CURIAM. We find that the complainant here had standing, see *Crescent Park Tenants Ass'n v. Realty Equities Corp.,* 58 *N. J.* 98 (1971), that the findings and determination of the Director of the Division of Civil Rights are adequately supported by credible evidence in the record, and that with one exception noted below the order of January 12, 1971, as modified by the supplemental order of October 15, 1971, is lawful and reasonable.

Paragraph 8A2 of the order provides that a list of vacancies shall be furnished regularly to an organization called Project Free. It appears from the record below, not without substantial significance, that the only apparent purpose of Project Free is to "test" discriminatory renting practices. It has a paid executive director. Volunteers are enlisted and trained in an effort to present apparently good faith but entirely hypothetical rental applications to landlords in such a way that "the only reason the landlord would have to dis-

criminate [*i. e.,* refuse to rent] would be because of race." No suggestion appears that the organization serves as an information outlet or clearing house for those who really seek to rent. We agree with defendants that, such testing being the sole function of Project Free, the only purpose to be served by the direction of this paragraph of the order is enforcement. Thus viewed, the action amounts to an unauthorized enlistment of a partisan, nonaccountable body in enforcement entrusted by the Legislature to the Division, and as such, implicitly at least, an illegal further delegation of an already delegated power. This paragraph constitutes an improper exercise of the Director's power, and accordingly the order shall be modified by its excision.

Modified, and, as modified, affirmed.